a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER LANCE HARRIS<br>#57285-177,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-05425<br>SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| CHAD GARRETT,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Christopher Lance Harris ("Harris"). Harris is a prisoner at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Harris has received all credit to which he is entitled by law, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Harris was arrested by Texas authorities on March 27, 2018, on outstanding warrants for possession of a controlled substance in Tom Green County (#A-17-0925-SB and #A-17-0442-SB). ECF No. 1 at 12; *United States v. Harris,* 1:18-CR-0037 (N.D. Tex). While in state custody, Harris was served with a warrant for theft in Taylor County (#13233-D) and a probation revocation for unlawful possession of a firearm in Taylor County (#12102-D). ECF No. 1 at 12.

1

On June 13, 2018, Harris was indicted on one count of possession of a firearm and ammunition by a convicted felon in the United States District Court for the Northern District of Texas. *United States v. Harris,* 1:18-CR-0037 (N.D. Tex.), ECF No. 1. He was temporarily transferred to federal authorities for arraignment and prosecution pursuant to a writ of habeas corpus ad prosequendum. *Id.* at ECF Nos. 5, 6. Harris ultimately pleaded guilty. He was sentenced to 120 months of imprisonment, to "run consecutive to any sentence imposed in the following pending cases: Case Nos. A-17-0925-SB, A-17-0442-SB, and A-17-1220-SA, Tom Green County, Texas; and Case Nos. 13241-D, 13234-D, 13233-D, and 12102-D, Taylor County, Texas." *Id.* at ECF No. 41. Harris was returned to Texas state custody on January 22, 2019. ECF No. 1 at 12.

On February 14, 2019, Harris's probation was revoked in Taylor County Case #12102-D, and he was sentenced to four years of imprisonment. *Id.* He was also sentenced to a concurrent four-year term of imprisonment for theft in Taylor County #13233-D. On June 5, 2019, Harris was sentenced to a total of 441 days of imprisonment in the Tom Green County cases. *Id.*

Harris satisfied his state sentences on February 18, 2020, but he remained in state custody based on a pending burglary charge in Taylor County (#28555A). *Id.* On November 20, 2020, Harris posted bond on the burglary charge, and custody was transferred to the United States Marshals Service for commencement of the federal sentence. *Id.* at 14.

Harris seeks credit for the time spent in temporary federal custody from June 18, 2018, through January 22, 2019. ECF No. 1 at 7.

## II. Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A district court may review a challenge to the BOP's refusal to grant credit in a § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The computation of a federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>   (1)   as a result of the offense for which the sentence was imposed; or
>   (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Therefore, a prisoner's federal sentence commences when he is received in federal custody to begin serving his sentence. And he only gets credit for time served if it has not already been credited toward another sentence, "regardless of whether the

sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

Harris was received in federal custody to begin service of his sentence on November 20, 2020. His temporary transfer for federal prosecution pursuant to a writ of habeas corpus ad prosequendum did not transfer his custody from state to federal. *See Richardson v. Outlaw,* 274 F. App'x 353 (5th Cir. 2008) (transfers pursuant to writs of habeas corpus ad prosequendum to face federal prosecutions did not place petitioner in the primary custody of federal authorities); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (a writ of habeas corpus ad prosequendum only constitutes a "loan" of the prisoner to another jurisdiction).

Harris's federal sentence did not commence until November 20, 2020. He was credited with time from February 19, 2020, through November 19, 2020, since that time was not credited toward a state sentence. However, the time in which he was temporarily "loaned" for federal prosecution under the writ of habeas corpus ad prosequendum was credited toward his Texas sentences. Therefore, it cannot also be credited toward the federal sentence.

III. Conclusion

Because Harris has been afforded all the sentencing credit to which he is entitled, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, October 26, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE